### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

### CASE NO. 20-62184-CIV-CANNON/Hunt

**RHYAN SALAME PERSAUD**,

     Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

     Defendant.

_____/

### ORDER ACCEPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon the parties' Cross Motions for Summary Judgment [ECF Nos. 21–22]. Those motions were referred to Magistrate Judge Patrick M. Hunt for a report and recommendation [ECF No. 2]. On September 19, 2022, Judge Hunt issued a report recommending that (1) Plaintiff's Motion for Summary Judgment [ECF No. 21] be denied, (2) Defendant's Motion for Summary Judgment [ECF No. 22] be granted, (3) Defendant's final administrative decision be affirmed, and (4) final judgment be entered in Defendant's favor (the "Report") [ECF No. 25]. The Court has reviewed the Report [ECF No. 25], Plaintiff's Objections [ECF No. 26], Defendant's Response to Plaintiff's Objections [ECF No. 27], and the full record. For the reasons set forth below, the Report [ECF No. 25] is **ACCEPTED**.

### RELEVANT BACKGROUND

On November 17, 2017, Plaintiff Rhyan Salame Persaud applied for disability insurance benefits, alleging a period of disability with an onset date of March 29, 2017 [ECF No. 18 p. 28; ECF No. 25 pp. 1–2]. Plaintiff's claims were initially denied in March 2018 [ECF No. 18 p. 28; ECF No. 25 p. 2]. Plaintiff subsequently requested a hearing on her claims [ECF No. 18 p. 28].

Accordingly, an administrative law judge (the "ALJ") held a hearing on October 28, 2019, during which Plaintiff was represented by counsel [ECF No. 18 p. 28].

Following that hearing, and upon a full review of the record, the ALJ issued a comprehensive decision finding that Plaintiff was not "disabled" as defined by the Social Security Act [ECF No. 18 pp. 28–44]. In doing so, the ALJ determined that Plaintiff did not have an impairment or combination of impairment that met or medically equaled the severity of a listed impairment [ECF No. 18 p. 31]. In reaching that ultimate conclusion, the ALJ also determined that Plaintiff had the residual functional capacity to perform "light" work with some limitations [ECF No. 18 pp. 32–33]. The ALJ's decision was based on, among other things, Plaintiff's employment activities [*see* ECF No. 18 p. 33], numerous medical examinations [*see* ECF No. 18 pp. 30–41], and Plaintiff's testimony at the hearing [*see* ECF No. 18 pp. 42–43].

Plaintiff timely filed a request with the Appeals Council for review of the ALJ's denial [ECF No. 1 ¶ 6]. The Appeals Council denied that request [*see* ECF No. 1 ¶ 6].

Plaintiff then filed the instant action on October 27, 2020, seeking review of the administrative decision pursuant to 42 U.S.C. § 405(g) [ECF No. 1; ECF No. 25 p. 2]. Plaintiff moved for summary judgment in October 2021 [ECF No. 21], and Defendant moved for the same in November 2021 [ECF No. 22].[1] Shortly thereafter, Plaintiff submitted a brief opposing Defendant's motion for summary judgment and further supporting her own [ECF No. 24].

On September 19, 2022, Judge Hunt entered the instant Report, outlining the applicable law, summarizing the underlying record, and determining that the ALJ's decision was legally sound and supported by substantial evidence [ECF No. 25]. Plaintiff filed her Objections on

---

[1] Defendant's Motion for Summary Judgment contains Defendant's Response in Opposition to Plaintiff's Motion [*see* ECF No. 22].

September 26. 2022 [ECF No. 26].  Defendant filed its Response to Plaintiff's Objections on September 29, 2022 [ECF No. 27].  The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

When reviewing administrative decisions by Defendant, courts "must affirm if the decision is supported by substantial evidence."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISCUSSION

Plaintiff raises the following three arguments in her objections: (1) the ALJ's analysis of the medical records did not comport with the applicable regulations; (2) the ALJ's residual functional capacity assessment was not supported by substantial evidence; and (3) the ALJ's analysis of her daily activities was incorrect [ECF No. 26].  Plaintiff's arguments do not succeed.

The ALJ's conclusions are supported by substantial evidence, and the Report is well-reasoned and correct.

## I.      Analysis of Medical Opinions

Plaintiff first argues that the ALJ's analysis of the medical opinions provided in the record was not consistent with the regulation's requirement that the ALJ consider the supportability and consistency of the medical source opinions [ECF No. 26 pp. 1-3 (citing 20 C.F.R. § 404.1520c(b)(2))]. Plaintiff suggests that the ALJ improperly discounted the opinion of Dr. Gilad, the neurosurgeon who performed Plaintiff's cervical spine surgery [ECF No. 26 p. 3]. This argument is unpersuasive. As the ALJ's decision makes clear, and as the Report highlights, the ALJ "systematically examined the opinions of multiple medical sources" [ECF No. 25 p. 9; ECF No. 18 pp. 30–41]. The ALJ considered Dr. Gilad's report and opinion under the regulation's supportability and consistency factors and determined that Dr. Gilad's opinion was unpersuasive [ECF No. 25 pp. 8–9]. The ALJ's decision "went through each [medical] opinion explaining whether he found it supported by or consistent with the record" [ECF No. 25 p. 9]. The Report points out that each medical assessment built on the one before it, which the ALJ considered in analyzing the opinions [ECF No. 25 pp. 9–10]. In analyzing all of the medical opinions together, the ALJ found that Plaintiff had experienced "a general improvement" in her condition [ECF No 25 pp. 9–10].

The Court finds no error in the ALJ's reasoning or in the Report and agrees that there is substantial evidence to support the conclusion that the ALJ properly analyzed the provided medical opinions using the supportability and consistency factors contained in 20 C.F.R. § 404.1520c.

## II.      Residual Functional Capacity Assessment

Plaintiff's second argument is that the ALJ erred in determining that Plaintiff had the residual functional capacity ("RFC") to perform light work [ECF No. 26 p. 2]. Plaintiff argues

that the ALJ's RFC assessment is not supported by substantial evidence [ECF No. 26 p. 2].  The Court disagrees.  In determining that Plaintiff possessed the requisite RFC, the ALJ considered the testimony of the vocational expert who stated that, even with Plaintiff's functional limitations, she would be able to perform the work required of a mail clerk [ECF No. 25 p. 10].  The ALJ also reviewed extensive medical evidence in finding that, despite Plaintiff's continuing pain, her "functionality remained high through the period" for each of the conditions she cited [ECF No. 25 p. 8].  As further discussed above, the ALJ also cited the opinions of multiple medical sources in determining that Plaintiff had the RFC to resume light work [ECF No. 25 p. 9].  The Court finds that there is substantial evidence to support the ALJ's determination that Plaintiff possessed the RFC to resume light work.

### III.    Daily Activities

Plaintiff's final objection is that the ALJ did not adequately assess Plaintiff's daily activities in concluding that she had the RFC to resume light work [ECF No. 26 pp. 3–4].  Specifically, Plaintiff objects that the ALJ cherry-picked some of Plaintiff's daily activities in coming to the decision, without viewing the entire record as a whole [ECF No. 26 pp. 3–4].  This argument is unpersuasive.  As the ALJ's decision makes clear, Plaintiff's daily activities were only one of many factors the ALJ considered in concluding that Plaintiff had the RFC to resume light work [ECF No. 25 p. 9].  The Report notes that the ALJ "did not rely solely on the daily activities to contradict Plaintiff's subjective statements regarding her abilities" [ECF No. 25 p. 9].  The ALJ took note of the observations of medical professionals regarding Plaintiff's ability to exercise five to six days per week and to do other household activities [ECF No. 25 p. 8].  These observations were used by the ALJ as "supporting evidence" [ECF No. 25 p. 8].  As is highlighted in the Report, however, the ALJ also considered the opinions of medical professionals, the testimony of a vocational expert, and the entire record in determining that Plaintiff possessed the RFC to resume

CASE NO. 20-62184-CIV-CANNON/Hunt

light work [ECF No. 25 pp. 8–10].  The Court finds no error in the ALJ's reasoning or in the Report

and agrees that there is substantial evidence to support the ALJ's consideration of Plaintiff's daily

activities and ultimate conclusion regarding Plaintiff's residual functional capacity.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Report and Recommendation [ECF No. 25] is **ACCEPTED**.

    a.  Plaintiff's Motion for Summary Judgment [ECF No. 21] is **DENIED**.

    b.  Defendant's Motion for Summary Judgment [ECF No. 22] is **GRANTED**.

2.  Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of

    Civil Procedure.  *See* Fed. R. Civ. P. 58.

**DONE  AND  ORDERED** in  Chambers  at  Fort  Pierce,  Florida  this  6th  day  of

October 2022.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record